UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNELL SAWYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01541-SEB-DML |
| | ) |
| DAVID P. MATTHEWS, | ) |
| LIZZY SANTIAGO, | ) |
| JULIE RHOADES, | ) |
| MATTHEWS & ASSOCIATES, | ) |
| WILLIAM N. RILEY, | ) |
| JAMIE R. KENDALL, and | ) |
| PRICE WAICUKOUSKI & RILEY, LLC | ) |
| an Indiana Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation on Defendants' Motion to Dismiss

Plaintiff Donnell Sawyer is proceeding *pro se*. His complaint seeks relief against two law firms and certain lawyers within those law firms based on alleged legal malpractice in connection with a 2006 lawsuit filed in Marion County, Indiana, against Eli Lilly and Company on his behalf and other "similarly situated plaintiffs" who took the drug Zyprexa. Mr. Sawyer alleges, among other things, that his claims against Eli Lilly and Company were dismissed with prejudice without his knowledge.

On April 4, 2016, four of the defendants (who are all citizens of Texas and proceeding *pro se*) filed a motion to dismiss Mr. Sawyer's complaint. Their motion is based on the fact that Mr. Sawyer filed exactly the same complaint against them in

the United States District Court for the Eastern District of North Carolina. The court previously stayed Mr. Sawyer's obligation to respond to the motion to dismiss and the court took under advisement his requests that the court appoint counsel to assist him in responding to the Texas Defendants' motion to dismiss and in otherwise prosecuting his claims. As the court explained in its order (Dkt. 32), it was awaiting further developments in the North Carolina case before reaching decisions on the pending motions. Two months have passed since the court's order and the court finds it appropriate to address the pending matters at this time. It makes this report and recommendation on the Texas Defendants' motion to dismiss. By separate entry, it will address Mr. Sawyer's motions to appoint counsel. The court will also set this matter for an initial pretrial conference.

## Report and Recommendation

The sole basis of the Texas Defendants' motion to dismiss is that Mr. Sawyer's complaint against them is identical to a complaint he filed against them in the Eastern District of North Carolina, and therefore this case should be dismissed because of improper venue. Although the court agrees that Mr. Sawyer's dispute should be litigated in one court only, there is no showing that this court is not one of proper venue. Moreover, under the first-filed rule, this court is the appropriate forum to adjudicate Mr. Sawyer's claims.

According to the public docket (available via PACER) for the North Carolina case,[1] Mr. Sawyer's initial complaint was accepted for filing on October 5, 2015,

---

[1]   Mr. Sawyer's case in North Carolina bears Case No. 5:15-cv-00514-FL.

when that court granted Mr. Sawyer's motion for leave to proceed *in forma pauperis*. On that same date, the North Carolina court ordered Mr. Sawyer to "particularize his complaint" by alleging facts relating to the citizenship of certain defendants, and stated that after Mr. Sawyer submitted his particularized complaint, the court would conduct a frivolousness review of Mr. Sawyer's claims. Mr. Sawyer then moved to amend his complaint to allege citizenship of certain defendants. In December 2015, the court granted that motion and ordered Mr. Sawyer to file a revised complaint with the amendments the court had allowed. In the meantime, the court conducted its frivolousness review and determined no claims should be dismissed based on that review. The North Carolina court ordered the United States Marshal to serve summonses on the defendants after Mr. Sawyer files his revised complaint. As of now in July 2016, about 10 months after Mr. Sawyer filed a complaint in North Carolina, summonses and the approved amended complaint still have not been served on any defendants in the North Carolina case.

The lack of service of process may be the result of Mr. Sawyer's failure to file a document that constitutes his entire amended complaint in the form the North Carolina court approved in its December 29, 2015 order and its May 19, 2016 order. Just recently, on July 18, 2016, the district judge in the North Carolina case asked the assigned magistrate judge to consider whether Mr. Sawyer has ever filed an amended complaint in accordance with prior court orders and to enter "an appropriate order or recommendation upon her further review." It is possible that as a result of whatever decision is made by the magistrate judge in North Carolina,

3

the defendants finally will be served with summonses. But as of now, no summonses have been issued or served, and no defendant has appeared in the North Carolina case.

When the same case, or a mirror image of the same case, is filed in a different federal district court, a decision must be made about where the parties' dispute should be litigated. *See Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993) (internal citations and quotations omitted):

> As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.

The decision where the case should proceed can be based on the "first-to-file" rule. *See Research Automation, Inc. v. Schrader-Bridgeport Internat'l, Inc.,* 626 F.3d 973, 980 (7th Cir. 2010). Under that rule, the case with the earliest filing date is the one that serves as the vehicle for adjudicating the parties' dispute. Though the Seventh Circuit's first-to-file rule is not "an inflexible rule that the prior filing controls" (*id.* at 980), the rule is appropriately followed here. Mr. Sawyer's complaint was filed in this district on September 30, 2015, and his original complaint was accepted for filing in North Carolina on October 5, 2015. This case is first by nearly a week, and it is first by nearly *10 months* if one considers that even now an operative complaint has not been identified in the North Carolina case and summonses have never been served.

It is time for Mr. Sawyer's complaint to be prosecuted and defended somewhere. Because this is the first-filed case, there is no good reason to continue to await further development in North Carolina.

The magistrate judge therefore recommends that the court DENY the Texas Defendants' motion to dismiss. Mr. Sawyer's complaint was first filed in this court. His complaint should be litigated here.[2]

## Conclusion

The magistrate judge recommends that the district judge DENY the Texas Defendants' motion (Dkt. 17) to dismiss.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: July 29, 2016

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

[2] However, this order does not prevent Mr. Sawyer or the defendants from seeking to transfer Mr. Sawyer's complaint to North Carolina under 28 U.S.C. § 1404(a), if appropriate. *See Research Automation,* 626 F.3d at 977-78. The court's analysis of the threshold question presented by the defendants' motion to dismiss does not encompass the section 1404(a) inquiries.

Distribution:
All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:
DONNELL SAWYER
1909 Tee Dee Street
Raleigh, NC  27610

LIZZY SANTIAGO
2905 Sackett Street
Houston, TX  77098

JULIE RHOADES
2905 Sackett Street
Houston, TX  77098