UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNELL SAWYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01541-SEB-DML |
| | ) |
| DAVID P. MATTHEWS, | ) |
| LIZZY SANTIAGO, | ) |
| JULIE RHOADES, | ) |
| MATTHEWS & ASSOCIATES, | ) |
| WILLIAM N. RILEY, | ) |
| JAMIE R. KENDALL, and | ) |
| PRICE WAICUKOUSKI & RILEY, LLC | ) |
| an Indiana Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation on Defendants' Motions for Judgment on the Pleadings

Plaintiff Donnell Sawyer is proceeding *pro se*. His complaint seeks relief against two law firms and certain lawyers within those firms based on alleged legal malpractice. The defendants represented him and several other plaintiffs in a product liability lawsuit filed in 2006 in Marion County, Indiana, against Eli Lilly and Company involving the drug Zyprexa ("Lilly Lawsuit").

## Introduction

The defendants can be separated into two groups. One group is the Indianapolis Lawyers, who acted as local counsel in the Lilly Lawsuit. They are defendants William N. Riley, Jamie R. Kendall, and the law firm of Price,

Waicukauski & Riley, LLC.[1] The second group is the Texas Lawyers, who initiated representation of Mr. Sawyer and also were his counsel in the Lilly Lawsuit. They are defendants David P. Matthews, Lizy Santiago,[2] Julie Rhoades, and Matthews & Associates.

Each group has filed a motion for judgment on the pleadings. Their supporting legal memoranda are materially identical. Mr. Sawyer did not file a response to either motion. He asked the court to appoint counsel to represent him, including for purposes of responding to the defendants' motions. The court denied the request for the appointment of counsel to respond to the motions, and directed Mr. Sawyer to file responses. The court stated it would evaluate his request for counsel in part based on his responses to the motions. Instead of complying with the court's order, Mr. Sawyer filed a motion to reconsider, which was denied. He then filed another motion for the appointment of counsel, which will be addressed by the court in a separate order.[3]

Lack of responses by Mr. Sawyer to the defendants' motions does not mean that the motions must be granted. The court must still evaluate the defendants'

---

[1] The law firm's name is misspelled in Mr. Sawyer's complaint. The correct spelling is Waicukauski, not Waicukouski.

[2] Ms. Santiago states that her first name is misspelled in the complaint. It is Lizy, not Lizzy.

[3] Mr. Sawyer has filed serial motions or letters requesting the appointment of counsel—at least ten of them. The court has denied his motions, except that during the initial pretrial conference conducted by telephone on September 19, 2016, the court took under advisement his most recent motion, explained to Mr. Sawyer its reasons for doing so, and required Mr. Sawyer to take certain action in the meantime. *See* Dkt. 61. Mr. Sawyer did not comply with the court's order.

arguments. Moreover, Mr. Sawyer did file a document he titled "Pro Se Plaintiff Response to Affirmative Defenses of Defendants" (Dkt. 55), which provides information regarding Mr. Sawyer's theories.

## Analysis

The court will first outline the allegations of the plaintiff's complaint, then set forth the guiding standard of review, and finally evaluate whether, considering Mr. Sawyer's allegations and the defendants' answers, Mr. Sawyer has stated a claim upon which relief can be granted.

**A.** **The complaint seeks relief for alleged legal malpractice.**

Mr. Sawyer's complaint sounds in legal malpractice. He alleges that he responded to a law firm's advertisement soliciting persons who, like himself, had taken the drug Zyprexa and thereafter became diabetic. (Complaint, ¶ 11). He spoke with one or more of the Texas Lawyers, who told him they would represent his interests in a lawsuit against Lilly. (*Id.,* ¶ 12). The Texas Lawyers filed the Marion Superior Court lawsuit on his behalf (and on behalf of other plaintiffs), and the Indianapolis Lawyers also appeared on behalf of the plaintiffs. (*Id.*, ¶¶ 14-16, 19-20). Mr. Sawyer alleges he engaged in frequent communications with the defendants regarding his claims. (*Id.,* ¶ 22). He contends his claims were dismissed without his knowledge or consent, and that their dismissal was concealed from him by the defendants. (*Id.*, ¶¶ 25-26).[4] He alleges that the defendants' "(in)actions" led

---

[4] Although Mr. Sawyer's complaint asserts the dismissal happened in 2009, documents attached to the Indianapolis Lawyers' answer indicate dismissal occurred in 2014 and then, after reinstatement, again in 2016. To the extent

3

him to believe his case was active and pending and that he had options to settle or to proceed with trial" and that he "never received any type of filing, motion, or other verbal or written notification of withdrawal by any of the Defendants as his counsel, from any of the Defendants or anyone else." (*Id.*, ¶¶ 39-42).

Mr. Sawyer's complaint asserts six causes of action:  for "legal negligence/breach of fiduciary duty," "gross legal negligence/breach of fiduciary duty," "breach of contract," "fraud by concealment," "constructive fraud," and "fraud." Each of these purported causes of action is based on actions or inactions taken by the defendant lawyers and law firms in the course of their representation of Mr. Sawyer.

**B.**     **The court must draw all reasonable inferences in Mr. Sawyer's favor.**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is evaluated under the same standard applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). The court accepts as true all well-pleaded facts and views them and the reasonable inferences to be drawn from them in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). The factual allegations must "'state a claim to relief that is plausible on its face,'" and that is not merely

---

documents attached to a party's pleading appear reliable, they may be considered by the court on a motion for judgment on the pleadings without converting a Rule 12(c) motion to a Rule 56 motion. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 and n. 5 (7th Cir. 1998).

speculative. *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Determining plausibility is "'a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 679)).

The defendants seek judgment based on two arguments. First, they contend that only one legal cause of action is possible—for legal malpractice—and therefore all causes of action under any other tort or contract theories must be dismissed. Second, they contend that documents attached to the answer filed by the Indianapolis Lawyers prove that no failing on the part of defendants led to any harm to Mr. Sawyer and prove that Mr. Sawyer's own inaction caused the dismissal of his suit against Lilly.

### 1. The defendants have not shown that *Shideler* and its progeny require dismissal of any of the plaintiffs' asserted causes of action.

The defendants' argument that all of Mr. Sawyer's claims except for "legal malpractice" should be dismissed is based on two cases, both of which addressed the appropriate statute of limitations under Indiana law for claims by a client against his former attorney alleging that deficiencies in the lawyer's representation caused the client harm. In *Shideler v. Dwyer,* 417 N.E.2d 281 (Ind. 1981), the Indiana Supreme Court ruled that such a claim was one for injury to personal property and subject to Indiana's two year statute of limitations, regardless of the label a plaintiff attempted to assign to it. *Id.* at 286. The court explained that a statute of limitations analysis requires a court to look at the legal substance of a claim and to

5

ignore pleading technicalities. It made no difference that the plaintiff had described her claims as grounded in negligence, breach of fiduciary duty, breach of contract, fraud, and constructive fraud. The cause of action was in substance clearly one for legal malpractice, and that cause is governed by a two-year statute of limitations. *Id.* at 286. The defendants' other case, *Klineman, Rose & Wolf, P.C. v. North American Lab. Co.,* 656 N.E.2d 1206, 1208 (Ind. Ct. App. 1995), similarly ruled only that a legal malpractice claim is governed by a two-year statute of limitations regardless of "technical" pleading labels in a plaintiff's complaint.

Neither of the defendants' cases addresses the dismissal of claims against a lawyer denominated as something other than malpractice for reasons other than the running of the applicable statute of limitations. This court has. Then District Judge Hamilton declined to dismiss from a complaint in a malpractice case (against accountants) other legal theories merely because *Shideler* and its progeny hold that legal malpractice claims—however they are labeled—are subject to a two-year statute of limitations. *Marwil v. Ent & Imler CPA Group, PC,* 2004 WL 2750255 at *11 (S.D. Ind. Nov. 24, 2004). He found it premature to do so, when there was no issue before the court requiring it to characterize a claim as either a tort or a contract. Judge Hamilton reasoned:

> At the motion to dismiss stage, the court's duty "is to consider whether a plaintiff's allegations could provide relief under *any* available legal theory." *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994) (emphasis added); *see also Bartholet v. Reishauer,* 953 F.2d 1073, 1078 (7th Cir. 1992) ("A drafter who lacks a legal theory is likely to bungle the complaint (and the trial); you need a theory to decide which facts to allege and prove. But the complaint need not identify a legal theory, and *specifying an incorrect legal theory*

6

>*is not fatal.*" (emphasis added). [The plaintiff's claim] in Count II alleges conduct that could entitle him to relief, whether under tort or contract theories. The label he has attached to his claim does not govern the decision on defendant's motion to dismiss. [The defendant] has not challenged [the plaintiff's] claim on statute of limitations grounds, nor has it raised a defense that would require the court to characterize [the plaintiff's] claim at this stage as arising under either tort or contract.

*Id.*

This court applies Judge Hamilton's rationale to the defendants' motions for judgment on the pleadings. First, the defendants have not argued which of Mr. Sawyer's "claims" should be dismissed based on *Shideler*. Mr. Sawyer's complaint does not list a legal theory called simply "legal malpractice." Second, at this stage of the case and without more facts, the court has no way to determine whether concepts associated with claims for breach of fiduciary duty, constructive fraud, fraud, gross negligence, or contract will be germane to some aspect of the case. As in *Marwil,* it is possible that a retainer agreement, or other agreement between Mr. Sawyer and the lawyers, "contains terms and standards over and above the general standard of care applied to [lawyers]," and if that is the case, there possibly could be a viable breach of contract claim for trial. *See also Lift-A-Loft Corp. v. Rodes-Roper-Love Ins. Agency, Inc.,* 975 F.2d 1305, 1311 (7th Cir. 1992) (finding it not appropriate to interpret *Shideler* to mean that a fraud claim is never compatible with a malpractice claim).

The court does not rule, of course, that Mr. Sawyer has a viable breach of contract, fraud, negligence, or breach of fiduciary duty claim. It rules only that the defendants' two cases addressing the proper Indiana statute of limitations for a

7

legal malpractice claim regardless of the claim's label are insufficient authority for dismissing claims for reasons other than the running of the statute of limitations.[5]

### 2. The defendants have not demonstrated that they breached no duty to Mr. Sawyer, leading to his alleged harm.

The defendants' second argument is that, based on documents the Indianapolis Lawyers attached to their answer, it is beyond dispute that "[t]he obvious and only cause of Sawyer's damages, if any, is his own inaction and not any failing on the part of any of the defendants herein." *See* Dkt. 48 at p. 6; Dkt. 50 at p. 6. At the pleadings stage, and on the basis of the limited information before the court, the court cannot agree with that conclusion.

The defendants are relying on the Marion Superior Court's chronological case summary in the Lilly Lawsuit (Dkt. 29-1), and two letters they sent to a lawyer in November 2015 and in December 2015. These documents are not enough to obviate any possibility of a plausible malpractice claim.

The defendants contend that although Mr. Sawyer's claims against Lilly were (inadvertently) dismissed with prejudice in December 2014, they corrected this error when they filed a motion for relief from judgment in November 2015, which was granted on November 23, 2015.[6] After securing the reinstatement of Mr.

---

[5] It might turn out to be unnecessary to characterize Mr. Sawyer's claims as anything other than "legal malpractice," with the court applying the familiar elements of that cause under Indiana law. But that's an issue for summary judgment or for trial—or at some earlier point of time upon a showing that what the legal theory is matters.

[6] Interestingly, the defendants characterize their correction of the December 2014 error as having been done "promptly" 11 months later in November 2015. Dkt.

Sawyer's claim, the defendants moved to withdraw from representing him and were granted leave to withdraw on December 28, 2015. The defendants assert that Mr. Sawyer was properly notified of these matters. He was also told there were no "immediate deadlines" in his case. According to the defendants, after their withdrawal, "on motion of Lilly, the defendant in the underlying case, the case was dismissed under Indiana Trial Rule 41(E) on February 2, 2016." *See* Dkt. 48 at pp. 2-3; Dkt. 50 at pp. 2-3.[7]

The defendants' documents do not, however, prove at the pleadings stage that Mr. Sawyer was properly notified of anything, or that there were no actions taken by the defendants in the Lilly Lawsuit that breached duties to Mr. Sawyer and caused him harm. The documents now before the court do not even clearly establish that his claims were dismissed under Ind. Trial Rule 41(E).

The defendants have not provided proof of any communications they had with Mr. Sawyer. They have shown that some of them communicated with a lawyer—R. Hayes Hofler, III—but not directly with Mr. Sawyer. At least one of the defendants sent a letter to Mr. Hofler in November 2015 about Mr. Sawyer's concern that his claims against Lilly had been dismissed without his knowledge. The letter told Mr.

---

50 at p. 5. The court does not know at this point what happened during this 11-month "hiatus." It cannot yet rule out the possibility, for example, that the lawyers were not engaged in pursuing Mr. Sawyer's claims during this time frame. If that were true, it is possible that the lack of action on the case may have contributed to the ultimate dismissal of Mr. Sawyer's claims.

[7] The defendants omitted from their description of events the fact that Lilly moved to dismiss Mr. Sawyer's claims a mere two days after his lawyers were granted leave to withdraw.

9

Hofler that the defendants had obtained a reinstatement of Mr. Sawyer's claims on a motion for relief from judgment. There is no showing any of the defendants communicated directly with Mr. Sawyer about the motion for relief from judgment or the court's order granting that motion, and there is no information about the extent of Mr. Hofler's representation of Mr. Sawyer.[8]

The defendants have not yet submitted any documentation of communications by the lawyers directly with Mr. Sawyer about their intent to move to withdraw from representing him. The defendants have shown they sent a letter to Mr. Hofler in early December 2015 about their intent to withdraw, but (again) there is no information about the extent of Mr. Hofler's representation. Nor is there any argument, or citation to authority, that the defendants were excused from directly communicating with their own client (Mr. Sawyer) about the reinstatement efforts or about their intent to withdraw.

The defendants have not yet submitted any documentation to show any of them provided Mr. Sawyer (or even Mr. Hofler) with their motion to withdraw, or advised him of its actual filing. The defendants have not submitted the actual motion to withdraw, so the court has no proof of its contents. This court has not yet seen any proof that any of the defendants provided Mr. Sawyer (or Mr. Hofler) with

---

[8] Mr. Sawyer's Pro Se Plaintiff Response to Affirmative Defenses of Defendants (Dkt. 55) includes his assertions that the defendants did not properly advise him of his rights "pursuant to their withdrawal," that he was not given proper notice about and did not give informed consent for ending the attorney-client relationship, that he denies Mr. Hofler could "assume and expel the fiduciary duties required of Defendant," and that the defendants were required to protect him from harm and could not "throw him out of the window" when there was no one to catch him.

the court's order granting their motion to withdraw, or advised him of its entry. There is no evidence, yet, about whether Mr. Sawyer knew that the defendants had withdrawn, or when. If the defendants' withdrawal of their representation was done without appropriate communications with Mr. Sawyer (and that's a plausible allegation, considering the contents of Mr. Sawyer's complaint and the defendants' answers), there is a plausible basis for his claim that the lawyers' actions breached duties to him and led to his harm.

Moreover, according to the chronological case summary, Lilly filed its motion to dismiss Mr. Sawyer's claims only two days after the defendants were granted leave to withdraw. The defendants did not submit any documentation to show that they provided Lilly's counsel (or the trial court) with Mr. Sawyer's address for service of documents filed and orders entered in the Lilly case. There is likewise no showing at this point that Lilly served its motion to dismiss on Mr. Sawyer, or that Mr. Sawyer was aware of it.

Further, although the defendants state that the Marion Superior Court dismissed Mr. Sawyer's claims under Indiana Trial Rule 41(E), the documents submitted by the defendants do not prove that was the basis for the trial court's dismissal. The defendants did not submit the court's order of dismissal. According to Trial Rule 41(E), a dismissal under that rule should not be made without a hearing. There is no indication a hearing was held.[9] Further, according to the

---

[9] Indiana Trial Rule 41(E) provides in part that if a party fails to abide by the Indiana Trial Rules or does not take action on his case for 60 days, then the court "on motion of a party or on its own motion, shall order a hearing for the purpose of

11

chronological case summary, Lilly's motion to dismiss sought dismissal either because of a failure to prosecute (as provided by Trial Rule 41(E)) or "under trial rule 37D as a discovery sanction." Dkt. 29-1. Any discovery deficiency upon which Lilly relied in seeking dismissal likely occurred during the defendants' representation of Mr. Sawyer and did not arise in the mere two days between the trial court's grant of the withdrawal motion and Lilly's filing of its motion. And, of course, the court does not know at the pleadings stage whether some asserted deficiency was attributable to Mr. Sawyer's counsel.

As the above discussion demonstrates, the documents submitted by the defendants with their answer do not prove there is no set of facts under which Mr. Sawyer's malpractice allegations could succeed.[10] At the pleadings stage, Mr. Sawyer is entitled to "the benefit of imagination." *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994). The court expresses no opinion here whether any evidence exists to support all the elements of a legal malpractice claim, and has addressed only the legal arguments presented by the defendants. They may have other arguments at other stages of this case about the viability of Mr. Sawyer's claims. At this point and based on the Rule 12(c) standard of review (which is very generous to the plaintiff), the court finds only that

---

dismissing such case." Moreover, to the extent Mr. Sawyer's claims were dismissed because of inaction on his claims, at least some of that inaction plausibly may be attributable to the defendants.

[10]   The court does not fault the defendants for not supplying a more complete evidentiary record. Their motion is directed to the legal viability of Mr. Sawyer's claims, and the documentation the court should consider is, of course, quite limited.

judgment on the pleadings is not appropriate, and this case must proceed to its next phase—discovery.

More facts must be developed about the defendants' communications with Mr. Sawyer (or lack thereof) during their representation of him in the Lilly Lawsuit. More facts must be developed about the nature of Mr. Hofler's representation of Mr. Sawyer. More facts must be developed about whether the defendants sent to Mr. Sawyer their motion to withdraw or the court's order allowing their withdrawal, or whether and when Mr. Sawyer learned of these documents from other sources. More facts must be developed about Mr. Sawyer's receipt of documents generally from the Lilly Lawsuit, including Lilly's motion to dismiss. More facts must be developed about any alleged discovery deficiencies and whether they contributed to the dismissal of Mr. Sawyer's claims.

While the court agrees with the defendants that they have established that Mr. Sawyer's claims against Lilly were not dismissed in 2009 and that they were successful in reviving Mr. Sawyer's claims in 2015 after the claims were dismissed in 2014, they have not established on the pleadings alone that they are blameless for the dismissal of his claims in 2016.

## Conclusion

The magistrate judge recommends that the district judge DENY the defendants' motions (Dkt. 47 and Dkt. 49) for judgment on the pleadings.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file

objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: 12/15/16

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:
DONNELL SAWYER
1909 Tee Dee Street
Raleigh, NC  27610

LIZY SANTIAGO
2905 Sackett Street
Houston, TX  77098

JULIE RHOADES
2905 Sackett Street
Houston, TX  77098